IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID ALAN FUQUA, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. CIV-17-115-HE<br>) |
| 1. THE CITY OF ALTUS, a political subdivision of the State of Oklahoma, et al., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND BRIEF IN SUPPORT THEREOF

Plaintiff David Alan Fuqua submits the following Motion for Partial Summary Judgment and Brief in Support Thereof. Fuqua requests that the Court enter summary judgment as to the Defendants' affirmative defense of failure to mitigate damages. In support thereof, Fuqua would show the Court as follows:

### STATEMENT OF UNDISPUTED MATERIAL FACTS

1.  Defendants City of Altus, Jack Smiley, Debbie Davis, and Jan Neufeld have all asserted the affirmative defense of failure to mitigate damages in their First Amended Answers.[1]

2.  Fuqua testified that, between the date of his termination and the date of his deposition, he had applied for 133 jobs in total.[2] Fuqua identified each job that he sought

---

[1] Doc. 48 at p. 10, ¶ 11 (City of Altus and Jack Smiley); Doc. 49 at p. 8, ¶ 13 (Debbie Davis); Doc. 50 at p. 9, ¶ 13 (Jan Neufeld).

[2] Exhibit 1, Excerpts from Deposition of David Alan Fuqua at 192:17-193:1; see also Exhibit 2, David Alan Fuqua's Answer to Debbie Davis' Interrogatory No. 13 and Attachment with List of Jobs.

1

in a written list that identified the date of the application, the name of the potential employer, the name of the position sought, and whether or not each application resulted in an interview.[3]

3. Fuqua has sought employment in multiple cities in Oklahoma, Texas, Iowa, Arizona, North Dakota, Kansas, Wyoming, Montana, Missouri, Arkansas, New Mexico, Georgia, California, Illinois, Wisconsin, North Carolina, Minnesota, Ohio, Utah, Nebraska, Tennessee, West Virginia, Kentucky, and Sitka, Alaska.[4]

4. Defendants have not identified any equivalent job that was open and available to Plaintiff that he could have or should have obtained.[5]

**ARGUMENTS AND AUTHORITIES**

**I. STANDARD OF REVIEW.**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may move for summary judgment on any part of any claim or defense. Id. A motion for partial summary judgment is particularly helpful to test affirmative defenses. See Hutchison v. Pfeil, 105 F.3d 562, 564 (10th Cir.1997) (internal quotations omitted) ("A [party] may use a motion for summary judgment to test an affirmative defense which entitles that party to judgment as a matter of law."). A movant

---

[3] See Exhibit 2.

[4] See Exhibit 2; see also Exhibit 1 at 198:12-16

[5] See Exhibit 3, Defendant City's Answer to Interrogatory No. 9; see also Defendant City's Response to Request for Production No. 6.

may succeed on a motion for summary judgment by pointing to the non-movant's failure to produce the evidence necessary to meet a claim or defense that the non-movant has raised. Miller v. Bd. of Educ., 565 F.3d 1232, 1245–1246 (10th Cir. 2009) ("If a party that would bear the burden of persuasion at trial does not come forward with sufficient evidence on an essential element of its prima facie case, all issues concerning all other elements of the claim and any defenses become immaterial.").

## II. DEFENDANTS HAVE PRODUCED NO EVIDENCE THAT FUQUA FAILED TO MITIGATE HIS DAMAGES.

The Court should grant Fuqua summary judgment on Defendants' failure-to-mitigate defense. Defendants have produced no evidence of suitable positions that Fuqua could have pursued, nor have they produced any evidence that Fuqua failed to use reasonable care and diligence in seeking such positions. Each of these failings is fatal to Defendants' failure-to-mitigate defense. Thus, the Court should grant Fuqua's motion.

Defendants bear the burden of proof on their failure-to-mitigate defense. Hull v. Arvest Bank Operations, Inc., No. CIV-16-69-D, 2017 WL 2790557, at *2 (W.D. Okla. June 27, 2017) ("It is well settled that Defendant bears the burden of proving Plaintiff 'did not exercise reasonable efforts to mitigate damages.'") (quoting McClure v. Independent Sch. Dist. No. 16, 228 F.3d 1205, 1214 (10th Cir. 2000)). "A claimant need only make a reasonable and good faith effort [to mitigate], and is not held to the highest standards of diligence." Minshall v. McGraw Hill Broad. Co., 323 F.3d 1273, 1287 (10th Cir. 2003) (quoting Spulak v. K Mart Corp., 894 F.2d 1150, 1158 (10th Cir.1990)).

"To satisfy its burden, the employer must establish (1) that the damage suffered by

plaintiff could have been avoided, i.e. that there were suitable positions available which plaintiff could have discovered and for which he was qualified; and (2) that plaintiff failed to use reasonable care and diligence in seeking such a position." McClure, 228 F.3d at 1214 (internal marks and citation omitted). In order to satisfy this burden, the employer must present evidence supporting "*both* prongs of the above two-part test." Aguinaga v. United Food & Commercial Workers Intern. Union, 993 F.2d 1463, 1474 (10th Cir. 1993) (emphasis in original). When the employer fails to present evidence that satisfies the first prong, evidence relating to the efforts to find new employment "are simply irrelevant." Id.

Here, Defendants have presented no evidence that Fuqua's damages could have been avoided. Defendants have not identified any suitable positions that were available which Fuqua could have discovered and for which he was qualified. In the absence of proof on this issue, summary judgment is warranted without considering Fuqua's actual efforts to obtain new employment.

Even considering the second prong, though, it is clear that Fuqua has acted with reasonable diligence in seeking suitable positions. The undisputed evidence shows that Fuqua has applied for more than 100 positions all across the country. Fuqua identified each place where he sought employment and the result of each application. To date, Fuqua has not secured new employment. His sincere effort to obtain new employment goes above and beyond his duty to mitigate damages, and the affirmative defense of failure to mitigate damages should not be presented to the jury.

Defendants fail both prongs necessary to show their affirmative defense that Fuqua failed to mitigate his damages. The failure of even one prong supports summary judgment. Summary judgment is proper on this issue.

## CONCLUSION

Because Defendants have submitted insufficient evidence for Defendants' failure-to-mitigate defense, the Court should grant Fuqua's motion for partial summary judgment. Dated this 14th day of February, 2018.

    WARD & GLASS, L.L.P.

    /s/ Barrett T. Bowers
    Stanley M. Ward, OBA#9351
    Woodrow K. Glass, OBA#15690
    Barrett T. Bowers, OBA#30493
    1601 36th Avenue NW, Suite 100
    Norman, Oklahoma  73072
    (405) 360-9700
    (405) 360-7902 (fax)
    **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on February 14, 2018, I served the foregoing upon counsel for Plaintiff by filing a copy with the Court's ECF Filing System:

Margaret McMorrow-Love, OBA#5538
John J. Love, OBA #5536
The Love Law Firm
228 Robert S. Kerr Ave., Suite 540
Oklahoma City, Oklahoma 73102
(405) 235-3848
*Attorneys for Defendants, City of Altus, and Jack Smiley*

Ambre Gooch
Collins, Zorn & Wagner
429 NE 50th Street

Second Floor
Oklahoma City, Oklahoma 73105
*Attorney for Defendant Jan Neufeld*

Courtney D. Powell
Spencer Fane LLP
9400 N. Broadway Ext, Suite 600
Oklahoma City, OK 73114
*Attorney for Defendant Debbie Davis*

/s/ Barrett T. Bowers
Barrett T. Bowers